UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:20-cv-23471-KMM

KELVIN DAISE,

    Plaintiff,

v.

BRITISH CONSULATE GENERAL MIAMI,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon *pro se* Kelvin Daise's ("Plaintiff") Motion for Leave to Proceed In Forma Pauperis. ("Mot.") (ECF No. 3). On August 19, 2020, Plaintiff filed a Complaint against the British Consulate General Miami ("Defendant"). ("Compl.") (ECF No. 1). Because Plaintiff moved to proceed *in forma pauperis*, the screening provisions of 28 U.S.C. § 1915(e) apply.

The basis of Plaintiff's allegations is that Defendant discriminated against him and he was subjected to harassment on the basis of his race when he was employed by Defendant. *See generally* Compl. Plaintiff also alleges that Defendant intentionally infected him with COVID-19 for the purpose of starting the COVID-19 pandemic. *Id.* at 11–15.

Pursuant to § 1915(e), the court is permitted to dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. A *pro se* litigant is entitled to the court's liberal construction of the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, even under the liberal construction afforded to *pro se* litigants, the complaint must establish a valid cause of action. *See Petersen v. Smith*, 762 F. App'x 585, 593 (11th Cir. 2019). Section 1915(e)(2)(B)(ii) mirrors the language of Rule

12(b)(6) of the Federal Rules of Civil Procedure, and courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted." *Herrick v.* Collins, 914 F.2d 228, 229 (11th Cir. 1990 (citation omitted). As such, § 1915 provides a court "not only with the authority to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 119, 327 (1989). Factual allegations that are "fanciful," "fantastic" and "delusional'" are considered clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Additionally, "a finding of actual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. "The frivolous determination is a discretionary one." *Id.*

Here, the Court finds that Plaintiff must amend the Complaint to cure certain defects. First, the Complaint fails to comply with the Federal Rules of Civil Procedure because it is a shotgun pleading. *See Soler-Somohano v. Coca-Cola Co.*, No. 20-cv-21502-GAYLES, 2020 WL 1891264, at *2 (S.D. Fla. Apr. 16, 2020) (dismissing complaint as a shotgun pleading pursuant to § 1915 screening). A "shotgun pleading"—one in which "it is virtually impossible to know which

allegations of fact are intended to support which claim(s) for relief"—does not comply with the standards of Rules 8(a) and 10(b). *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). It forces the district court to sift through the facts presented and decide for itself which are material to the particular claims asserted. *See Anderson*, 77 F.3d at 366–67

Specifically, Plaintiff does not support any of his claims with factual allegations or provide any information for the Court or Defendant to discern which factual allegations support which claims. Compl. at 16–17; *see LaCroix v. Western Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015) (citation omitted). Thus, the Complaint forces the Court to sift through the factual allegations to determine which factual allegations are material to the particular claims asserted. *See Anderson*, 77 F.3d at 366–67. Moreover, the Complaint fails to provide Defendant with notice of the factual basis of each of Plaintiff's claims.

Additionally, the Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citation omitted). Specifically, the Complaint includes factual allegations unrelated to the conduct of Defendant. For example, Plaintiff makes various allegations about events that occurred subsequent to his termination that have no connection to Plaintiff's allegations regarding Defendant's actions. *See, e.g.*, Compl. at 12–13 (alleging that Plaintiff contracted COVID-19 in December of 2019 and was forced into homelessness because of the illegal actions of Washington state).

Second, the Complaint includes claims and factual allegations that are clearly baseless. Specifically, Plaintiff alleges that Defendant intentionally infected him with COVID-19 to start the COVID-19 pandemic. Compl. at 14–15. The Court finds that such a farfetched scenario

warrants dismissal because it rises to the level of irrational and, thus, is factually frivolous and clearly baseless. *See Denton*, 504 U.S. at 33.

Further, certain of Plaintiff's claims are not supported by any factual allegations. For example, Plaintiff brings a claim pursuant to 22 U.S.C. § 1732. Section 1732 provides that it is the duty of the President of the United States of America to demand the release of any American citizens being held hostage by foreign governments. *See* § 1732. First, Plaintiff does not allege that he is being held hostage by Defendant. Second, § 1732 does not create any rights against foreign governments but only creates a duty for the President. As such, Plaintiff's claim pursuant to § 1732 is plainly without merit.

Nevertheless, the Court grants Plaintiff leave to amend the Complaint because some of Plaintiff's allegations may state a claim for discrimination or harassment. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (noting that § 1915 does not permit courts to dismiss a complaint without opportunity to amend unless amendment would be futile). Specifically, Plaintiff alleges that while he was employed by Defendant he was harassed and discriminated against on the basis of his race. *See generally* Compl. These allegations may state a claim for discrimination.

However, Plaintiff is cautioned to review this Order carefully to ensure that he cures the deficiencies in the Complaint. The amended complaint should contain a short and plaint statement of the factual allegations underlying Plaintiff's claims against Defendant. Similarly, the amended complaint should not contain any immaterial allegations not relating to Defendant or any factual allegations that are baseless. Further, the amended complaint shall provide the specific factual basis underlying each of Plaintiff's claims. A failure to cure the deficiencies in the Complaint will result in dismissal of this matter with no additional opportunities to amend.

Accordingly, UPON CONSIDERATION of the Motion, the Complaint, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. It is FURTHER ORDERED that Plaintiff shall file an amended complaint on or before September 22, 2020. Failure to do so will result in dismissal of this action for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b); *Lewis v. Fla. Dep't of Corr.*, 739 F. App'x 585, 586 (11th Cir. 2018).

DONE AND ORDERED in Chambers at Miami, Florida, this  10th  day of August, 2020.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:      Plaintiff, *pro se*